NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES MARTIN HOUSTON, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> YONCALLA SCHOOL DISTRICT NO. 32, a political subdivision of the State of Oregon; et al., <br><br> Defendants-Appellees. | No. 16-35558 <br><br> D.C. No. 6:13-cv-01318-AA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted October 23, 2017[**]

Before:     LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

James Martin Houston appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging violations of the First Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2). Houston's request for oral argument, set forth in his opening and reply briefs, is denied.

*Thomas v. City of Beaverton*, 379 F.3d 802, 807 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Houston's First Amendment retaliation claims because Houston failed to raise a genuine dispute of material fact as to whether he engaged in speech as a private citizen on a matter of public concern. *See Dahlia v. Rodriguez*, 735 F.3d 1060, 1066-67 (9th Cir. 2013) (en banc) (to establish a First Amendment retaliation claim as a public employee, plaintiff must demonstrate that he spoke on a matter of public concern and did so as a private citizen); *see also Desrochers v. City of San Bernardino*, 572 F.3d 703, 708-09 (9th Cir. 2009) (setting forth elements of a First Amendment retaliation claim).

The district court properly granted summary judgment on Houston's claim alleging that defendants restricted his free speech in violation of the First Amendment by preventing him from attending Yoncalla School District's and Douglas Education Service District's board meetings because Houston failed to raise a genuine dispute of material fact that he was barred from any meetings.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-35558